IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CONTRERAS, MELISSA MIKESKA, and ALL OTHERS SIMILARLY SITUATED<br>　　Plaintiffs; | § § § § § § § § § § § § § | C.A. NO. 4:17-CV-2284 |
| COLLATERAL RECOVERY TEAM, LLC and JOHN MOUL<br>　　Defendants. | | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT
## COLLECTIVE ACTION REQUESTED

Plaintiffs Melissa Mikeska and Christopher Contreras file their Original Complaint on behalf of themselves and all others similarly situated against Defendants Collateral Recovery Team, LLC and John Moul (collectively "Defendants") and for causes of action would respectfully show that:

## I.
## PARTIES

1. Melissa Mikeska ("Mikeska") is an individual employed by Defendant who resides in the Southern District of Texas Houston Division.

2. Christopher Contreras ("Contreras") is an individual employed by Defendant who resides in the Southern District of Texas Houston Division.

3. Plaintiffs were employed by Defendant Collateral Recovery Team, LLC's Houston office located at 10526 Tanner Rd, Houston, Texas 77041, where their causes of action accrued, and which is located in the Southern District of Texas, Houston Division. Collateral

Recovery Team, LLC may be served through its registered agent James P. McElwee at 4801 NW Loop 410, Suite 725, San Antonio, Texas 78229.

4. John Moul is an individual Defendant in this case. He may be served at 12021 Nacogdoches, San Antonio, Texas 78217, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1131 (federal question jurisdiction) under 29 U.S.C. 216(b), the Fair Labor Standards Act.

6. Venue is proper in the Southern District of Texas Houston Division, because Defendant's violations of the FLSA took place and continue to take place in this District.

## III.
## VIOLATIONS OF THE FLSA

**FLSA Enterprise and Individual Coverage:**

7. Defendant's business generates more than $500,000 in gross revenue and is thus subject to the FLSA.

8. Defendant has offices in both Houston and San Antonio.

9. The company employs roughly 25 employees including about half a dozen camera car drivers who drive and detect cars that are being sought for repossession by financial institutions and others.

**Employee Status and Pay Structure of Camera Car Drivers**

10. Camera car drivers are improperly classified as independent contractors by Defendants.

11. The employees work exclusively for Defendants and cannot work for other repo companies.

12. The employees work on an indefinite basis and can work for the company as camera car drivers for years.

13. All equipment to perform their work is provided by Defendants.

14. The camera car drivers including Plaintiffs can work over 12 hours per day and do regularly work overtime.

15. The normal schedule for a camera car driver is four to five days of shifts per week that average more than 10 hours per day.

16. The camera car drivers are expected to work every day they are scheduled and must ask for time off if they do not work a day.

17. The profession of being a camera car driver requires little skill or training. Defendants often employ individuals with no prior work experience.

18. No time records are kept of camera car driver hours.

**Individual Liability of Defendant John Moul**

19. John Moul ("Moul") has the authority to hire and fire employees of Collateral Recovery Team, LLC.  Plaintiffs are aware of instances where he hired employees, fired employees, or reassigned employees.

20. Upon information and belief, Moul exercises daily operational control of the company.

21. Upon information and belief, Moul is in charge of payroll policies.

22. Upon information and belief, Moul has possession, custody or control of payroll and employment records of the company.

23. Upon information and belief, Moul sets the rate of compensation for employees of Collateral Recovery Team, LLC.

24. Moul has access to employment records including personnel files and other employment records of the company.

25. Upon information and belief, Moul has control over the employees of Collateral Recovery Team, LLC and their daily assignments.

26. Upon information and belief, Moul manages the company including its finances.

27. Upon information and belief, Moul is not supervised by any other employee of Collateral Recovery Team, LLC.

**Defendant's Overtime Violations:**

28. Because Plaintiffs (and others similarly situated) were non-exempt employees, Defendant is and was required to pay them (and others similarly situated) time and one-half for each hour worked in excess of forty per workweek. Rather than follow these simple FLSA requirements, Defendant chose not to pay overtime for hours worked over forty.

29. Specifically, Defendant chose not to pay additional compensation above straight time for any of Plaintiffs' work over forty hours in a workweek.

30. During the past three years, Defendant employed one or more of Plaintiffs in its enterprise and repeatedly and willfully violated the FLSA by employing Plaintiffs for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. § 207). These violations are ongoing.

31. Defendant is aware of the overtime laws, but have decided to shave time off of timesheets and not pay overtime in a willful attempt to avoid the mandates of the Fair Labor Standards Act.

**Back Wages, Liquidated Damages, Attorneys' Fees and Costs:**

32. As a result of the underpayment of wages alleged above, Defendant is indebted to Plaintiffs in the amount of the unpaid overtime compensation and straight time compensation for lunch hours and other time that was not paid.

33. With regard to Plaintiff Woodson, Defendant's violations include failure to pay him the minimum wage.

34. Plaintiffs are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

35. The written Consent form of Melissa Mikeska is attached as **Exhibit 1**.

36. The written Consent form of Christopher Contreras is attached as **Exhibit 2**.

**Collective Action Certification:**

37. Plaintiffs seek certification of a class of all camera car drivers who were not paid overtime compensation for any hours they worked over 40 in a workweek.

### V.
### JURY DEMAND

38. Plaintiffs demand a trial by jury.

### VI.
### PRAYER

39. WHEREFORE, Plaintiffs respectfully request that the Court certify this suit as a collective action under the FLSA on behalf of all those similarly situated to Plaintiffs, and demand Judgment against Defendant, and each of them, under the FLSA in the amounts of unpaid regular and overtime compensation due Plaintiffs, additional equal amounts as liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs of court.

Dated:  July 26, 2017

          Respectfully submitted,

          *Hessam Parzivand*
          **Hessam Parzivand**
          TBA # 24071157
          Southern District # 1129776

          **THE PARZIVAND LAW FIRM, PLLC**
          10701 Corporate Dr.
          Suite 185
          Stafford, Texas 77477
          T: [713] 533-8171
          F: [713] 533-8193
          E: hp@parzfirm.com

          **ATTORNEY FOR PLAINTIFFS,**
          **MELISSA MIKESKA, CHRISTOPHER**
          **CONTRERAS, and OTHERS SIMILARLY**
          **SITUATED**